THE HEPPES COMPANY, Appellant, *vs.* THE CITY OF
CHICAGO, Appellee.

*Opinion filed October 28, 1913—Rehearing denied Dec. 3, 1913.*

1. PLATS—*section 7 of Plats act, concerning vacation of part
of plat, construed.* To read into section 7 of the Plats act, con-
cerning the vacation of a portion of a plat, a provision that such
vacation can only take place before acceptance, would be to im-
port into such statute a new condition not expressed therein.

2. SAME—*acceptance by municipality is necessary to passing of
fee.* Under the statute the execution and recording of a plat vests
the fee in the streets in the municipality, but, like any other con-
veyance which imposes a burden, there must also be an accept-
ance before the fee will pass as a matter of law; and this is true
whether the dedication is of an easement at common law or of a
fee under the statute.

3. SAME—*mere formal acceptance of plat by municipality does
not bar vacation under section 7.* The mere fact that a city has
formally accepted a statutory plat does not prevent the owners of
any part thereof from vacating the same under the provisions of
section 7 of the Plats act, provided the other conditions mentioned
in such section are complied with. (*Town of Lake View* v. *Le-
Bahn,* 120 Ill. 92, distinguished.)

4. SAME—*trust in streets and alleys is not merely for local use.*
The fee of streets and alleys is vested in the local municipality in
trust for all the citizens of the State and not merely for local use,
and the legislature has supreme control over such streets and al-
leys unless restrained by some constitutional limitation.

5. SAME—*alley created by making plat is not a "public high-
way laid out according to law."* The proviso to section 7 of the
Plats act, which prohibits the vacation of part of a plat if it shall
close or obstruct "any public highway laid out according to law,"
has reference to highways laid out by highway authorities under
the Roads and Bridges act, and does not refer to a street or alley
created by dedication under a plat.

6. SAME—*when parties cannot vacate an alley not owned by
them.* Section 7 of the Plats act authorizes the vacation of a part
of a plat by the owners of the same if certain conditions exist;
but this does not authorize persons owning lots to vacate adjoin-
ing streets or alleys which they do not own, unless they also va-
cate the plat as to their lots.

7. SAME—*the right to vacate streets and alleys is vested in the
city.* The right to vacate streets and alleys within a municipality,

except in connection with the vacation of a plat or part of it, under the statute, is vested in the city council or board of trustees.

8. SAME—*section 7 of Plats act does not relate to common law dedication.* Section 7 of the Plats act, concerning the vacation of a portion of a plat, has no application to a common law dedication, as such a dedication is complete upon acceptance and cannot thereafter be revoked without the consent of the public authorities.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding.

WILLIAM S. CORBIN, and ENOCH J. PRICE, for appellant.

WILLIAM H. SEXTON, Corporation Counsel, (HENRY A. BERGER, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

George E. Stodder laid out an addition to the city of Chicago, described as D. S. Place's Third addition to Chicago, and executed a plat thereof, which was recorded in the recorder's office of Cook county. There was an alley sixteen feet wide in the addition along the north side, between blocks numbered 1 and 6 and the south line of the right of way of the Chicago and Great Western Railroad Company. The owners of said blocks enclosed the alley opposite their blocks and filed a bill to enjoin the city of Chicago from interfering with their possession of the same. The bill was dismissed for want of equity. Some of the streets of the addition had been improved by the city, and the city had passed an ordinance vacating the alley on condition that the owners should pay to the city $2391.60 for the vacation. We decided, on these facts, that the ground in dispute had been dedicated as a public alley by the plat and had been accepted by the city, and the decree was affirmed. A copy of the plat will be found in the opinion in that case. (*Kimball* v. *City of Chicago,* 253 Ill. 105.)

Afterward, the appellant, the Heppes Company, filed its bill in this case in the superior court of Cook county setting forth a vacation of the alley opposite said blocks in accordance with section 7 of chapter 109 of the Revised Statutes of 1874, relating to plats, and asking the court to enjoin the city from taking possession or interfering with the possession and control of the strips of ground formerly included in the plat, north of said blocks. The city demurred to the bill and the demurrer was sustained. The appellant elected to stand by the bill and it was dismissed for want of equity, and an appeal was allowed and perfected.

The bill alleged, and the demurrer admitted, that the complainant and Helen R. Kimball and the Baltimore and Ohio Chicago Terminal Railroad Company were the owners of blocks 1 and 6; that the deed vacated those portions of the alley adjoining said blocks, not including the intersecting streets; that the deed was made in conformity with the provisions of sections 6 and 7; that the vacation did not abridge or destroy any of the rights or privileges of any of the proprietors in the plat; that the strips of land vacated had never been laid out, established, opened, graded, paved, curbed or improved in any way for use as a public alley and had never been used by the public for travel or otherwise but were in the condition of open prairie ground, and that there were four switching tracks laid across them. These facts being admitted, the only question argued by counsel is whether a part of a plat can be vacated, under the statute, after acceptance of the plat by the municipality, either without regard to the second proviso to section 7, or under the proviso which prohibits the closing or obstructing, by a vacation, of any public highway laid out according to law.

Section 6 provides that any plat made under the provisions of the act may be vacated by the owner at any time before the sale of any lot therein or by the owners of all the lots where lots have been sold, which vacation shall op-

erate to destroy the force and effect of the recording of the plat so vacated and to divest all public rights in the streets, alleys and public grounds and all dedications laid out or described in the plat. Section 7 provides that any part of a plat may be vacated in the manner provided in the preceding section, subject to the conditions therein prescribed and subject also to two provisos: First, that the vacation shall not abridge or destroy any of the rights or privileges of other proprietors in the plat; second, that nothing contained in the section shall authorize the closing or obstructing of any public highway laid out according to law. The statute contains no condition limiting the time when the vacation may be made if the prescribed conditions exist, and to say that there can be no vacation after a mere acceptance of the plat would be to import into the statute a new condition not expressed in it. Until acceptance by the municipality a dedication is a mere offer to the municipality. The statute says that the execution and recording of a plat shall vest the fee in the streets in the municipality, but, like any other conveyance which imposes a burden, there must be also an acceptance before the fee will pass as a matter of law. This is equally true whether the dedication is of an easement at common law or of a fee under the statute. The owner cannot, in either case, compel the municipality to assume the duties and burdens of improving, caring for and maintaining public streets by any sort of dedication. *Littler* v. *City of Lincoln,* 106 Ill. 353; *Village of Winnetka* v. *Prouty,* 107 id. 218; *City of Chicago* v. *Drexel,* 141 id. 89.

The statute and the rights of owners were most fully considered in *Littler* v. *City of Lincoln, supra.* In that case the plat made by Littler had not only been expressly accepted by resolution of the city council, passed on May 29, 1879, but it had been made in pursuance of a contract consisting of a written proposition by Littler and an acceptance by an ordinance of the city to take effect on his

performing the acts proposed, including the making of the plat. The vacation was of a part of a plat, and the court, after quoting section 7, said (p. 364) : "This does not require the concurrence or joint action of the city council of cities or board of trustees of villages with the owner of the premises, but allows him, of his own volition, alone, subject to the restrictions and qualifications mentioned, to vacate the plat, or part of plat, by his deed declaring that fact."

In *Chicago Anderson Pressed Brick Co.* v. *City of Chicago,* 138 Ill. 628, the brick company owned lots 46 and 47 in block 11 of Fullerton's addition to Chicago and lot 7 in block 16 of Sheffield's addition to Chicago. Between them, running east and west, was a strip of land thirty-three feet in width marked on the plat as a part of streets, designated, respectively, "West Asylum Place" and "Webster Avenue." The company, by deed, vacated that part of the plat described therein as lots 46 and 47 and the strip of land immediately south of and adjoining said lots. The company contended that the evidence failed to show an acceptance of the dedication, and if an acceptance would have prevented a vacation that fact would have been vital in the case. The court, however, said that it was not necessary to pass upon that question and held the deed of vacation effective. Neither of these decisions would have been possible if a mere acceptance of a plat would bar a vacation.

In *Saunders* v. *City of Chicago,* 212 Ill. 206, it was thought that there was a difference between the statute of 1847 and chapter 109 of the statute as revised in 1874, concerning the power to vacate after lots had been sold, but the authority of the decisions in *Littler* v. *City of Lincoln* and *Chicago Anderson Pressed Brick Co.* v. *City of Chicago* was fully recognized. The court said that in those cases sections 6 and 7 were construed to authorize any part of a plat to be vacated by the owner of the plat if such owner was the proprietor of all the lots in the part of the

plat so proposed to be vacated, and the statement was not qualified by any condition as to time or the fact of acceptance.

The extent of legislative control over streets and alleys is stated in Elliott on Roads and Streets, in section 421: "Power over roads and streets resides in the legislature, and, except in so far as restricted by constitutional provisions, the legislative power is practically unlimited." The fee of streets and alleys is vested in the local municipality in trust for all the citizens of the State and not merely for local use, and the legislature has supreme control over them unless restrained by some constitutional limitation. There is no question of the validity of sections 6 and 7 or of the power of the legislature to enact them as applied to the condition existing in this case. There has been neither expenditure of public moneys on the strips of ground vacated, which are admitted to be in a state of nature as open prairie land, and no work has been done on them at the expense of private property owners. There is no question of the infringement of any constitutional right of property owners who have been assessed for any improvement on the premises on the theory that a special benefit would inure to them, and the simple question is whether an acceptance of the plat, generally, prevented the vacation.

A second branch of the argument in support of the decree is, that the second proviso in section 7 prohibited the vacation of the alley because it was a public highway laid out according to law. The question thus raised was settled in *Chicago Anderson Pressed Brick Co.* v. *City of Chicago, supra,* where it was held that the plat of Fullerton's addition to Chicago did not bring the streets within the description of public highways laid out according to law, and the court said, on page 633: "The words 'laid out according to law' have a well known meaning under our statutes, and they plainly include the doing of those things by the proper local officers which are essential in creating a public high-

way, to authorize it to be worked and traveled, and especially the surveying, marking the course and boundaries and ordering it established as a highway. The affirmative action of the public authorities is indispensable in such case." The term "highway" is a generic name of all kinds of public ways and may include alleys. (*Mobile and Ohio Railroad Co.* v. *Davis,* 130 Ill. 146; Elliott on Roads and Streets, sec. 1.) In the Road and Bridge statute the words "laying out" and "laid out" are used, from beginning to end, as applying to the establishment of public highways by commissioners under that statute, and the words cannot apply to the statute on plats.

We have disposed of the only questions presented in the briefs or arguments by counsel on either side, and if nothing further should be considered we would necessarily reverse the decree. Where adult litigants are concerned and private rights, only, are involved, the practice considered proper is to decide such questions as they see fit to present, but in this case public rights and interests are involved, and our decision might constitute a precedent which would imperil such rights and interests. Therefore we feel bound to say that the attempted vacation was not authorized by the statute and to decide the case upon a ground not advanced by counsel. The provision of the statute is that any part of a plat may be vacated by the owners of the same, and the vacation shall operate to divest the public rights in the streets, alleys and public grounds and all dedications laid out or described in such plat. There was no attempt to vacate a part of a plat of which the parties executing the deed were the owners, but they undertook to vacate two certain sixteen-foot strips, part of an alley lying north of their property, and the ownership of property in a plat does not authorize the vacation of an adjoining street or alley. The right to vacate streets or alleys within a municipality, except in connection with the vacation of a plat or part of it, under the statute is vested in the council of the city

or board of trustees. (*St. Louis, Alton and Terre Haute Railroad Co.* v. *City of Belleville,* 122 Ill. 376.) No attempt to vacate a part of a plat of which the parties executing the deed were owners was made.

For the reason that the statute did not authorize the attempted vacation of the alley the decree of the superior court is affirmed.                                    *Decree affirmed.*

Subsequently, upon petition for rehearing, the following additional opinion was filed:

CARTWRIGHT, J.: A petition for rehearing has been presented, in which counsel for the city of Chicago rely upon several decisions concerning the right to revoke a common law dedication after acceptance. It appears from the petition that the distinction between a statutory dedication and a dedication at common law is not well understood. The power of the owner of lands to make a dedication by means of a plat is conferred and the power regulated by chapter 109 of the Revised Statutes, which also authorizes the vacation by the owner at any time before the sale of any lot, or by the owner of all the lots, or a vacation of any part of the plat, subject to the conditions and limitations therein prescribed. The statute has no concern with, and does not purport to deal with, dedications which are effective by virtue of the common law. Such a dedication is complete when the owner has manifested an intention to make a dedication and his offer has been accepted by the public authorities, and after it is so completed it cannot be revoked by the owner of the lands without the consent of such authorities. The law in that regard has been settled by the various decisions cited by counsel in the petition. In *Proctor* v. *Town of Lewistown,* 25 Ill. 139, when the owner fenced his land he left out a strip of the width convenient for a road, and the court said: "If at the time he fenced out this strip of land he designed it for a road for the use of the public and the dedication

260 — 33

was accepted by the public before his retraction, he could not subsequently change his purpose and resume the grant." In *Moffett* v. *South Park Comrs.* 138 Ill. 620, the question was whether William B. Eagan had made a dedication, in 1855, at common law, by building a fence some distance north of the south line of his land. The court said that if he did make the dedication "and the public accepted it, neither he nor subsequent owners claiming under him can repudiate his acts and regain possession of the land." In *Fairbury Agricultural Board* v. *Holly,* 169 Ill. 9, an addition to the town of Fairbury was laid out and there was no street or alley on the plat connecting the south ends of several streets. The owner afterward declared his intention to lay out an alley at that place and measured off twenty feet in width for that purpose the entire length of the addition and set stakes to mark the south line. It was held that by his declarations and acts he dedicated the strip of land to public use and that the dedication was accepted. The rule in such cases was again stated, as follows: "Whenever there is an intention to dedicate, and acts of dedication by the owner and acceptance by the public, the public easement becomes perfect and the dedication irrevocable."

The question whether a dedication has been made at common law is purely one of intention, and a dedication may be established in any way by which the intention of the dedicator is clearly shown. Before acceptance by the public his offer may be withdrawn, and the withdrawal may be proved in the same manner as the offer to dedicate. The case of a statutory dedication is quite different. The acknowledgment and recording of the plat operate, upon acceptance by the public, as a conveyance in fee simple of such portions of the premises as are marked or noted on the plat as donated or granted to the public, and the statute provides a particular method of vacating the plat, or a portion of it, which shall divest all public rights in the streets, alleys and public grounds and all dedications laid

out or described in the plat or the portion vacated. As the
statute prescribes the manner in which such a plat, or a
portion of it, may be vacated, a vacation cannot be made
in any other manner, which was fully recognized in the
case of *Kimball* v. *City of Chicago,* 253 Ill. 105, relating
to the alley in question in this case. The appellants had
fenced in with their lots the strip of land, and there was a
controversy as to whether there had been a statutory or
common law dedication. If the dedication was at common
law the offer to dedicate could not be withdrawn in any
manner after acceptance, but it was not held that a portion
of the plat might not be vacated in the manner prescribed
by the statute if there had been a statutory dedication. On
that question the court said: "If the plat was a statutory
plat the offer could only be withdrawn by a vacation of
the plat under the statute, but if it was a common law plat
the offer of dedication might be otherwise withdrawn be-
fore acceptance." If there had been an acceptance there
could not, in either case, be a vacation nor withdrawal by
fencing in the strip. In *Town of Lake View* v. *LeBahn,*
120 Ill. 92, there was a plat made in 1871, and in 1873 the
owner fenced in the strip of thirty-three feet in controversy
in the case. Counsel contended that there was no accept-
ance prior to the time when the strip was enclosed with a
fence, and that acceptance by the public was necessary prior
to the withdrawal of the offer of dedication. The court
said: "However this may be in the case of an ordinary
common law dedication, we cannot recognize the doctrine
as applying where there has been a statutory dedication. In
such case the statute says the plat shall be deemed a suffi-
cient conveyance to vest the fee simple in the streets in the
municipality, and we do not admit any power of withdraw-
ing the dedication." That was far from saying that while
the owner could not withdraw his offer, before acceptance,
by obstructing the strip with a fence, he could not vacate
the plat, or a part of it, in the manner provided by the stat-

ute, before acceptance. Counsel make no such claim but concede that there might be a vacation before acceptance, and no intention to construe, in that decision, the law relating to the vacation of plats or the time of vacation can be attributed to the court.

The petition is denied.                    *Rehearing denied.*