(No. 11750.—Decree affirmed.)

THE ILLINOIS WESTERN ELECTRIC COMPANY, Appellee, vs. THE TOWN OF CICERO, Appellant.

*Opinion filed February 20, 1918.*

1. PLATS—*an entire plat may be vacated by the owner although city has accepted it by construction of certain street improvements.* Under section 6 of the act regarding the making of additions to a city and the recording of plats thereof the owner of an entire plat may vacate the same and divest the rights of the public in the streets, although the city has accepted the plat by constructing in said streets certain improvements and although the public has used the streets to some extent for about ten years, and the owner who has vacated the plat may enjoin the city from further improving the streets with a pavement.

2. CONSTRUCTION—*court cannot construe unambiguous statute contrary to its plain meaning.* A court cannot say the legislature did not mean what in plain language is expressed in the statute as its intention, and where the statute does not violate any constitutional provision the court will give effect to such intention although evil consequences may result.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

ROSS C. HALL, Town Attorney, and OSCAR H. OLSEN, for appellant.

HOLT, CUTTING & SIDLEY, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal by the town of Cicero from a decree of the circuit court of Cook county enjoining said town from improving with pavement and combined curb and gutter a portion of a street in said town known as West Twenty-second place. The bill was filed by appellee, the Illinois Western Electric Company, against the town of Cicero and the R. F. Conway Company, which company had contracted to do the work, and the hearing was had on the bill, an-

swers and an agreed statement of facts. The R. F. Conway Company did not join in the appeal.

The agreed facts are set out in the decree and are substantially as follows: March 16, 1904, Edgar A. White, being the owner in fee simple of the northwest quarter of the northeast quarter of the northeast quarter of section 28, township 39, north, range 13, east of the third principal meridian, in said town of Cicero, platted said premises into blocks and lots and showed on said plat certain streets and alleys, which plat was filed in the recorder's office of Cook county. September 23, 1908, White and wife conveyed all· the property shown by the plat to William P. Sidley, who thereafter, while the owner of all the property embraced in said plat, caused a plat to be made and recorded changing the width of certain of the lots shown by the White plat but in no other way affecting or changing the former plat. January 23, 1915, Sidley and wife conveyed to the Western Electric Company all the premises embraced in the aforementioned plats, which company, on January 25, 1915, being the sole owner of the premises, executed a deed of vacation of the premises shown by the White and Sidley plats and filed the same for record in the recorder's office of Cook county March 27, 1915. November 18, 1915, the name of the Western Electric Company was changed to the Illinois Western Electric Company, the present name of the appellee corporation. April 21, 1916, appellant, the town of Cicero, filed its petition in the county court of Cook county for the purpose of levying a special assessment to pay the cost of improving with a pavement and combined curb and gutter a portion of West Twenty-second place or street, together with other streets not here involved. The petition showed appellee as the owner of all the lots abutting the portion of West Twenty-second place between South Forty-ninth avenue and South Fiftieth avenue, being the portion of the street here involved, and asked that the same be assessed for said improvement. A hearing was had on the petition and

a judgment of confirmation was entered against said property for the making of said improvement. March 2, 1917, the appellant contracted for the making of said improvement with the R. F. Conway Company, which company on May 2, 1917, entered upon said street and excavated about 980 lineal feet thereof for the purpose of installing a curb and gutter, at a cost to the company of about $700. It also appears that subsequent to the filing and recording of the White plat of the premises involved, and prior to filing the deed of vacation by appellee declaring said street to be vacated, there had been installed in said street as public improvements and paid for by special assessments on the property abutting said street, water supply-pipes in 1905 which are now part of a system of water pipes in the town of Cicero; a tile-pipe sewer in 1905 which forms a part of the system of sewer pipes in said town of Cicero; water service pipes in 1907; tile house-drains or house connections in 1908; cement sidewalks on both sides of West Twenty-second place. The White plat, embracing the premises now owned by appellee, consists of two blocks divided into lots. The blocks are bounded by Riverside parkway on the north, South Forty-ninth avenue on the east, Twenty-third street on the south and South Fiftieth avenue on the west. The two blocks are separated by West Twenty-second place, a street running east and west and which is the street here in controversy. It is agreed that all the streets surrounding the two blocks were fully improved, except that one was not paved, prior to January 25, 1915, the date the instrument vacating the plat was filed; that West Twenty-second place (the street here involved) had for ten years prior to the filing of the bill of complaint by appellee been traveled to some extent by the general public, and that Twenty-second place was paved from South Fiftieth avenue (the street bounding on the west the property shown by the plats) to the west limits of the town of Cicero, a distance of about one and one-half miles.

It is the contention of appellant, the town of Cicero, that prior to January 25, 1915, when appellee filed in the recorder's office of Cook county a written instrument vacating the plats of the premises then of record, there had been a complete acceptance of West Twenty-second place by the town of Cicero and by the public, and that under the law appellee, although the owner of all the property embraced in said plat, could not by any means vacate the same and thus deprive the public of the use of the streets therein designated, or, as stated in its brief: "It would be contrary to public policy to declare the street in question the private property of the dedicator after the municipality, under the statutory dedication, had exercised its corporate powers over the same by placing various public improvements therein, under proper legal proceedings, prior to the attempted vacation thereof by the owner of the lots."

The prayer of the bill was for, and the relief granted was, an injunction to restrain appellant and the Conway Company from entering upon certain property that had formerly constituted West Twenty-second place, between South Forty-ninth and South Fiftieth avenues, in the town of Cicero, and there constructing a certain street improvement. The relief prayed for and granted did not affect any of the other streets shown by the White and Sidley plats, nor did it affect any of the improvements previously constructed on West Twenty-second place, but the decree gave appellant the right to enter upon the property at all reasonable times for the purpose of renewing and repairing the improvements which had previously been constructed therein. The sole question, therefore, is the right of appellee to stop the construction of the proposed new street improvement upon what was formerly West Twenty-second place after the statutory plat creating the street had been duly vacated, notwithstanding the fact that the municipality had accepted the plat by constructing in said street various pub-

lic improvements and notwithstanding the fact that the public had used said street to some extent for some ten years.

Chapter 109 (Hurd's Stat. 1916, p. 1984,) provides for the laying out of towns or making additions thereto, and requires that a plat of the land subdivided be filed in the recorder's office of the county in which the land is situated. Section 6 of said act treats of the vacation of the whole of any plat, and reads: "Any such plat may be vacated by the owner of the premises at any time before the sale of any lot therein, by a written instrument declaring the same to be vacated, executed, acknowledged or proved, and recorded in like manner as deeds of land; which declaration being duly recorded, shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets, alleys and public grounds, and all dedications laid out or described in such plat. When lots have been sold, the plat may be vacated in the manner herein provided by all the owners of lots in such plat joining in the execution of such writing." Section 7 of the same act treats of the vacation of a part of any plat, and reads: "Any part of a plat may be vacated in the manner provided in the preceding section, and subject to the conditions therein prescribed: *Provided,* such vacation shall not abridge or destroy any of the rights or privileges of other proprietors in such plat: *And, provided, further,* that nothing contained in this section shall authorize the closing or obstructing of any public highway laid out according to law."

Appellee, at the time it filed its instrument of vacation in the recorder's office of Cook county, was the owner of all the premises embraced in the White and Sidley plats, and the effect of its action is controlled by the provisions of said section 6 above set out. That section in clear, explicit and unequivocal terms provides that when the owner of all the premises embraced in a plat of record desires to vacate the same he may do so in the manner there pre-

scribed, and that the vacation of such plat shall operate "to divest all public rights in the streets, alleys and public grounds." Section 7, which applies to the vacation of a part, only, of a plat, contains a proviso that such vacation shall not authorize the closing or obstructing of any public highway. A reason why the proviso is employed in section 7 and not in section 6 is apparent. Where a part, only, of a plat is vacated, those owning the premises embraced in the plat and not vacated might be seriously injured by the vacation of the streets, or any part of them, which are shown on the plat. On the other hand, where an entire plat is vacated under the provisions of section 6 the reason for the provision does not exist. Section 6 is applicable to and controlling of the vacation here involved. It plainly defines the manner of vacating a plat by the owner or owners of the premises embraced therein and makes no mention of any concurrent action on the part of the municipality.

Appellant insists that the city had accepted the dedication of the streets shown by the plat and that the public had secured rights therein before the attempted vacation, and that these rights of the public could not be divested. Section 6 answers this by expressly stating that the vacation of a plat does "divest all public rights in the streets." Only rights once vested can be divested. Nothing could be plainer than this provision and no argument could make it plainer. There is no need or occasion for construction. *Wall* v. *Pfanschmidt,* 265 Ill. 180.

In *Littler* v. *City of Lincoln,* 106 Ill. 353, suit was brought by the city against Littler for the obstruction of a certain street which was embraced in a plat filed for record by Littler, a part of which was later vacated. The present statute on plats was in force at that time. While it does not appear the city of Lincoln had done any work upon the street vacated, as has been done in the instant case, it had by ordinance accepted the same. The opinion holds the owner may vacate a plat, or a part of the same, without the con-

currence of the municipal authorities; that where no private rights in any of the lots or blocks are involved no one has an interest which can be adversely affected by the vacation of the plat. It was also held that the vacation of a plat forms no impediment to the future laying out of streets across the territory affected but has simply the effect to withdraw the dedication of the streets shown by the plat.

In *Saunders* v. *City of Chicago,* 212 Ill. 206, the act of 1847 relating to plats was involved, sections 1 and 3 thereof being similar to sections 6 and 7 of the act of 1874 here involved. The opinion, while not here controlling, mentions, and in effect affirms, the decision in *Littler* v. *City of Lincoln, supra.*

*Heppes Co.* v. *City of Chicago,* 260 Ill. 506, involved the vacation of an alley under section 7 of the present act. It was held the alley in question was not vacated, since the persons seeking the vacation did not attempt to vacate a part of a plat owned by them but only an alley lying adjacent to their lots, and that this was not authorized by section 7 of the Plats act. It was said in the opinion, in construing section 7, that "to say that there can be no vacation after a mere acceptance of the plat would be to import into the statute a new condition not expressed in it."

In the *Saunders case,* the *Littler case* and the *Heppes Co. case* it was the provisions of section 7 that were involved, and while the municipal authorities in each instance had accepted the statutory dedication of the streets and alleys involved, there had been little, if any, work done or money for improvements spent upon them, as there had been in the instant case.

*Consumers Co.* v. *City of Chicago,* 268 Ill. 113, much relied upon by appellant, involved the vacation of a part of a plat under section 7. The opinion expressly states that the only question was whether the vacation was lawfully made under the provisions of section 7. The court said: "Unquestionably the right of vacation exists as to part of a

subdivision under the provisions of said section 7 of chapter 109, * * * even after acceptance by the city; but in view of the rights of those who had purchased lots prior to the attempt to make such vacation, near to and dependent for outlet upon the streets in question, we hold such right was not successfully exercised in this case." It thus appears that the decision as to the validity of the vacation was based upon the rights of purchasers dependent upon the streets sought to be vacated for ingress to and egress from their lots, and not upon any action the city may have taken with reference to the streets concerned.

We find nothing in any of the cases called to our attention which is controlling of the question presented in this case or which construes or explains the meaning of section 6, which, as said before, to us seems plain. We have referred to such authorities because they are much relied upon and discussed in the briefs of counsel, and for the further reason that they, or some of them, treat of section 6 in connection with section 7, which was the controlling section in each of those cases.

Appellant insists the effect and meaning we have given section 6 is contrary to public policy, because it would permit the removal of improvements now in said street. As we have before said, the language of the statute is not ambiguous and is not open to construction. In plain terms it says the instrument of vacation shall operate to destroy the force and effect of the plat "and to divest all public rights in the streets, alleys and public grounds, and all dedications laid out or described in such plat." A court cannot say the legislature did not mean what in plain language it said was its intention. It is not claimed giving section 6 the effect we have given it would violate any constitutional provision. If the enforcement of the statute results in evil consequences the remedy must be in the legislature.

In so far as the improvements made in Twenty-second place by special assessment against the property form a part

of a general plan or system of improvements in the city no harm can come from vacating said street, since the decree provides appellant may maintain the improvements mentioned in the agreed statement of facts and enter the premises at all reasonable times to repair and renew the same. Likewise, as said in *Littler* v. *City of Lincoln, supra,* the vacation of said plat constitutes no impediment to the future laying out of streets across the territory affected, should the municipal authorities at any time see fit to do so.

For the reasons herein expressed the decree of the circuit court enjoining the improvement of said street as proposed is affirmed.                      *Decree affirmed.*